IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RAYMOND MATHIS,                    ) | |
| ) | |
| Plaintiff,                         ) | |
| ) | |
| v.                                 ) | CIVIL ACTION NO. 1:20-CV-290-RAH |
| ) | |
| SHERIFF DONALD VALENZA, *et al.*,  ) | |
| ) | |
| Defendants.                        ) | |

\*   \*   \*   \*   \*   \*

| | |
|---|---|
| RAYMOND MATHIS,                    ) | |
| ) | |
| Plaintiff,                         ) | |
| ) | |
| v.                                 ) | CIVIL ACTION NO. 1:20-CV-352-RAH |
| ) | |
| SHERIFF DONALD VALENZA, *et al.*,  ) | |
| ) | |
| Defendants.                        ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Proceeding pro se Plaintiff filed this consolidated 42 U.S.C. § 1983 action on April 30, 2020. On May 7, 2020, the Court entered an Order of Procedure. Doc. 5. The Order directed Defendants to file an Answer and Written Report and also directed Plaintiff that he must immediately inform the Court of any new address and that failure to do so within ten (10) days following any change of address would result in the dismissal of this action. *Id.* at 3, ¶8. The docket reflects that Plaintiff received the May 7, 2020, Order.

The undersigned recently determined that Plaintiff is no longer at the service address on record with the Court.[1] Accordingly, by Order of January 9, 2023, Plaintiff was directed to file—by January 19, 2023—a current address or show cause why this case should not be dismissed for his failures to comply with the orders of the Court and to adequately prosecute this action. Doc. 43. The January 9 Order specifically informed Plaintiff the administration of this case could not proceed if his whereabouts remained unknown and cautioned him his failure to comply with its directives would result in the dismissal of this case. *Id*. Plaintiff has not filed a response or otherwise complied with the Court's January 9, 2023, Order.

The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co*., 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.; *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

---

[1] *See* http://doc.state.al.us/InmateSearch (last visited January 27, 2023).

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

It is ORDERED that by **February 10, 2023**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 27th day of January 2023.

/s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE